**SO ORDERED.**

**SIGNED this 15 day of November, 2007.**

**Randy D. Doub**
**United States Bankruptcy Judge**

---

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**NEW BERN DIVISION**

**IN RE:** **CASE NO.**

**TERRY DAVIS COTTLE** **07-03436-8-RDD**
**SUSAN WHITFORD COTTLE**

**DEBTORS**

**ORDER REGARDING EXTENT OF AUTOMATIC STAY**

This matter is before the court on the debtors' motion to determine the extent of the automatic stay, and more specifically whether the automatic stay applies to a securities account held by Challenger Resources, LLC. A hearing was held in Wilson, North Carolina on November 14, 2007.

The debtors filed a petition for relief pursuant to chapter 11 of the Bankruptcy Code on September 17, 2007. On that date, a companion case was filed pursuant to chapter 11 on behalf of Waynesborough Furniture, Inc., a corporation owned and operated by the debtors.

On November 3, 2006, the debtors formed Challenger Resources, LLC ("Challenger"), of which the debtors are the sole members. On January 6, 2007, the debtors transferred their Wachovia Securities Account to Challenger for no consideration. That securities account serves as collateral

for a loan made to the debtors by New Century Bank. The value of the securities account is now approximately $244,000.00

At the hearing, Mr. Cottle testified that the debtors opened the securities account approximately 20 years ago to save for their retirement. After becoming concerned about the ability of creditors to reach the funds in the account, Mr. Cottle decided to transfer the funds to Challenger. Mr. Cottle testified that New Century Bank, for whom up to $250,000.00 of the securities account serves as collateral, approved of the transfer. Mr. Cottle testified that it is his desire to use $50,000.00 from the account to purchase new floor models for Waynesborough Furniture, Inc.. Based upon his experience, Mr. Cottle predicted that he could purchase floor models, generate sales from them, create accounts receivable, and sell the accounts receivable for approximately $90,000.00 within six months.

Counsel for the debtors indicated that an adversary proceeding had been commenced against Challenger to avoid the fraudulent transfer from the debtors to Challenger pursuant to 11 U.S.C. § 548. Counsel indicates that, because Challenger has no defense to the adversary proceeding, the funds are property of the estate, and the automatic stay should apply to the funds to prevent New Century Bank from exercising control over the funds. Counsel argues that the use of the funds by the debtors to purchase inventory would provide the greatest return to all creditors.

Counsel for New Century Bank and the Bankruptcy Administrator's office both argue that the securities account is not a part of the estate, as it belongs to a separate entity, Challenger. In support of their position, both parties cite Kreisler v. Goldberg, 478 F.3d 209 (4th Cir. 2007). In Kreisler, the Fourth Circuit found

> The fact that a parent corporation has an ownership interest in a subsidiary, however, does not give the parent any direct interest in the *assets* of the subsidiary. Although

> Bask could have established an ownership interest in the property, it chose not to do so. Instead, it created an LLC for the purpose of holding title to the property. Having assumed whatever benefits flowed from that decision, it cannot now ignore the existence of the LLC in order to escape its disadvantages.

Id. at 214.

As in Kreisler, the debtors in this case no longer have a direct interest in the assets of Challenger. The debtors chose to transfer the securities account to Challenger and now must live with the consequences. Because Challenger is not a debtor in this court, the automatic stay imposed in the Cottles' individual case does not apply to the assets of Challenger. Therefore, the debtors may not liquidate any amount of the securities account and may not buy and sell securities within the account. Only Challenger may do so in conformance with the contractual relationship with New Century Bank. Likewise, because the automatic stay does not apply to the assets of Challenger, New Century Bank's pending motion for relief from stay is moot.

**SO ORDERED**.

**END OF DOCUMENT**